UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ALLEN R. BLAIR,

       Petitioner,

          v.                           CAUSE NO. 1:26-CV-66-HAB-ALT

SHERIFF,

       Respondent.

OPINION AND ORDER

Allen R. Blair, a prisoner without a lawyer, filed an amended habeas petition challenging his pretrial detention in connection with criminal proceedings pending in the Allen Superior Court in Case No. 02D05-2512-F5-456.[1] ECF 3. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The court will first consider Blair's motion asking the court to "establish [Section 1983] attributes to this habeas case." ECF 5. In this motion, he cites *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011), for the proposition that "district courts [must] not to recharacterize a prisoner's petition for habeas corpus as a prisoner civil rights complaint without his informed consent," and he offers his informed consent.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

To start, it is not precisely clear what Blair is asking the court to do. To the extent that Blair is asking for this case to proceed with both habeas claims arising under Section 2241 and civil rights claims arising under Section 1983, the court declines to allow this dual characterization. Doing so would be administratively impracticable due to the unique sets of procedures for habeas cases and prisoner civil rights cases. To the extent that Blair is asking to convert this habeas case into a Section 1983 case and to proceed on only Section 1983 claims, the court declines absent a compelling reason to do so in lieu of simply dismissing this case and initiating a Section 1983 case by filing a complaint. One potential reason to convert this case into a Section 1983 case might be to avoid running into timeliness constraints. However, there is no indication that timeliness constraints would pose a substantial concern to any Section 1983 claims based on the narrative in the habeas petition, which begins with his arrest on December 4, 2025. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (applicable limitations period for Section 1983 claims for injuries occurring in Indiana is two years). Nor has Blair provided any other compelling reason to convert this case into a Section 1983 case. Consequently, this motion is denied. While Blair is generally free to pursue Section 1983 claims, he may not do so in this case.

The court will now review the amended habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In the amended petition, Blair argues that he is entitled to habeas relief because the trial court will not rule on his motions and the prosecution has refused to respond to them. ECF 3. However, the electronic docket for the State courts indicates that, since the initiation of this habeas case, the prosecution

2

has responded to his motions and the court has ruled on them on multiple occasions. Consequently, these claims are not valid bases for habeas relief.

Blair also argues that he is entitled to habeas relief because the prosecution lacks probable cause to detain him. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004)."This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Indiana appellate courts have entertained challenges to probable cause determinations on interlocutory appeal or through the appeal of a denial of a petition for habeas corpus filed with the trial court. *See e.g., Moore v. State*, 163 N.E.3d 282 (Ind. Ct. App. 2020); *Harrison v. Knight*, 127 N.E.3d 1269 (Ind. Ct. App. 2019); *Glispie v. State*, 412 N.E.2d 234 (1980). According to the habeas petition, Blair has never presented a claim challenging probable cause to the State appellate courts. Consequently, the court

finds that he has not exhausted his available State court remedies with respect to his claims and that the court should dismiss the petition without prejudice.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Blair seeks habeas relief under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Blair's chance at habeas corpus review by rendering his claims in a future habeas petition untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner

4

must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Blair to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DENIES the motion to convert (ECF 5);

(2) DISMISSES the amended petition (ECF 3) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are invalid and unexhausted;

(3) DENIES Allen R. Blair a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on May 6, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT